UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL ANGEL COPPINGER
CHAMORRO,

      Petitioner,

    v.                      Case No.:  2:26-cv-00485-SPC-NPM

WARDEN/FACILITY
ADMINISTRATOR, FLORIDA
SOFT SIDE SOUTH *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Miguel Angel Coppinger Chamorro's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).  For the below reasons, the Court grants the petition.

### A. Background

Coppinger Chamorro is a native of Cuba who entered the United States on October 14, 2008.  He was convicted of driving while intoxicated on August 15, 2010, and he adjusted his status to legal permanent resident on October 25, 2010.  On May 31, 2013, Coppinger Chamorro was convicted of credit card abuse, and an immigration judge ordered him removed on September 18, 2013.  Cuba did not accept Coppinger Chamorro for repatriation, so Immigration and Customs Enforcement ("ICE") released him under an order of supervision.  On

November 5, 2025, ICE arrested him during a traffic stop. He is currently detained at Alligator Alcatraz.

### B. Legality of Detention

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Coppinger Chamorro's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the presumptively reasonable period of detention has expired, *Zadvydas*'s burden-shifting framework applies. Coppinger Chamorro has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove Coppinger Chamorro in 2013 because Cuba declined to repatriate him, and no change in circumstances suggest Cuba will accept him

now.  The burden thus shifts to the respondents, but they make no attempt at rebuttal.

**C. Conclusion**

The Court finds no significant likelihood Coppinger Chamorro will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, DHS can detain Coppinger Chamorro to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

Miguel Angel Coppinger Chamorro's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1.  The respondents shall release Coppinger Chamorro within 24 hours of this Order, and they shall allow him use of a phone to arrange his transportation from the detention facility.

2.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record